**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6248**

_____

JOSHUA BRYAN JORDAN,

Plaintiff - Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS OFFICE OF INVESTIGATIONS AND INTELLIGENCE; MATT WATSON; RICHARD DARLING,

Defendants - Appellees.

_____

**No. 23-6546**

_____

JOSHUA BRYAN JORDAN,

Plaintiff - Appellant,

v.

RICHARD M. DARLING; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS OFFICE OF INVESTIGATIONS AND INTELLIGENCE (O.I.I.),

Defendants - Appellees.

_____

Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:22-cv-03521-DCN-SVH; 2:23-cv-01137-DCN)

_____

Submitted:  July 30, 2024                                   Decided:  August 9, 2024

―――――――――

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Joshua Bryan Jordan, Appellant Pro Se.  Gordon Wade Cooper, BUYCK LAW FIRM, LLC, Mt. Pleasant, South Carolina, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Joshua Bryan Jordan appeals the district court's orders denying relief on Jordan's 42 U.S.C. § 1983 complaints. For the reasons that follow, we affirm.

In No. 23-6248, Jordan appeals from the district court's order accepting the magistrate judge's recommendation to dismiss Jordan's claim for injunctive relief and to stay Jordan's § 1983 action because his state criminal case was ongoing. On appeal, Jordan challenges the court's dismissal of his request for injunctive relief. See 28 U.S.C. § 1292(a)(1) (providing for appellate review of interlocutory decisions granting or refusing injunctions). However, "[A] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Moreover, "*Younger [v. Harris*, 401 U.S. 37 (1971)] abstention . . . sets forth a mandatory rule requiring the dismissal of a federal action that seeks to enjoin an ongoing prosecution in a state criminal proceedings." *Nevins v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (internal quotation marks omitted). The district court, therefore, did not err in dismissing Jordan's claim for an injunction against his ongoing state criminal prosecution. We thus affirm the district court's order dismissing Jordan's request for injunctive relief.

In No. 23-6546, Jordan appeals from the district court's order accepting the magistrate judge's recommendation to dismiss Jordan's § 1983 complaint without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The magistrate judge

3

recommended that relief be denied after Jordan failed to respond to the magistrate judge's show cause order, and advised Jordan that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.   The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Jordan received proper notice and filed objections to the magistrate judge's recommendation, he has forfeited appellate review because the objections were untimely. Accordingly, we affirm the district court's order dismissing Jordan's § 1983 complaint for failure to prosecute.

We also deny all pending motions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4